The Chief-Justice,
after stating the case as above, delivered the opinion of the court.
In examining the questions of law presented in this case we will consider :
First. Whether an agreement to waive the benefit of the exemption law is binding.
Second. Whether the judgment, unappealed from, rendered by the magistrate in the attachment proceeding, in which the question of the exempt character of the property could have been raised, operates as such a final adjudication of that question as to prevent its being considered here.
Third. Whether an action of replevin will lie by a debtor in execution against the officer serving the writ, when the debtor’s exempt property has been seized by him.
Section 797 of the Revised Statutes of the District of Columbia, provides that certain “property, being the prop *310 erty of the head of a family or householder shall be exempt from distraint, attachment, levy and sale on execution or decree of any court in the District.”
It is claimed by the defendant that this statute, exempting property from execution, creates in the plaintiif merely a privilege to be exercised for his benefit, or waived in the interest of the defendant, at his option,'and that the stipulation in the lease, viz.: “And it is hereby further understood and agreed between the parties hereto, that said party of the second party shall, and does by these presents waive? relinquish and release all her rights, benefits and advantages extended to her as tenant under, and by virtue of a certain act of Congress, entitled, ‘ An act exempting certain property of debtors in the District of Columbia from levy, attachment or sale, and execution, approved February 5th, 1867/ ” constitutes such waiver.
On the other hand, it is urged by the plaintiff that the exemption provided by the statute, is an injunction in the interest of public economy, and beyond the contract control of the parties to an executory agreement. Over this question, courts have divided and authorities conflict. Most of the authorities justifying the power of the parties to supersede the law by express contract, antedate the history of the laws exempting property from execution, and ignore, as we think, the tone, spirit and public purpose of the law. If the legislature had not intended this law to be observed in the interest of the public welfare, it never would have been enacted, and parties would have been left where the law found them, to exercise their personal discretion in the disposition of the subject by contract. The objective purpose and provision of the law is the household and the family, and the necessities and conveniences of the family community, as an important if not the most important integral element of the State. Evidently the law maker had the preservation of the integrity of the family as the chief purpose ; the law maker was providing against its dispersion and extinction, seeking to protect families and communities from vagrancy, poor-houses and prisons, recognizing the im *311 portant fact that industries, economies and public order, take root in the family. Yet it is evident from the nature of the statute and the subject it treats of, that the legislas ture was not making law for the benefit or to the prejudice of the head of a family, but a law for the protection and preservation of the family, notwithstanding the improvidence of its head. This view of the office of this law is strengthened by the provision of section 798. The leading -case in support of the view that the statute under consideration is a statute in the public interest, and may not be superseded by the executory contract of the head of a family, is found in the 22d N. Y. Rep., Kneetle vs. Newcomb et al., p. 249, the unanimous decision of the court of appeals of that State delivered when that court was in its best state. T refer to it not only as high authority in itself, but for the ■exhaustive and unanswerable reasons of Judge Nenio, delivering the opinion which I adopt as my own. If correct in this view, the stipulation in the lease subjecting the property to execution is against public policy and void. 'This view of the question is supported by the highest courts of the States of Wisconsin, Tennessee, Iowa, Kentucky, Texas, Louisiana and Indiana.
It is urged again that the plaintiff cannot sustain the .action and avail herself of the exemption laws, for the reason that by the judgment of the magistrate in the attachment suit, this question was finally adjudicated and may not be revived or reviewed here. If the premises are -correct the conclusion follows. Unfortunately for the enlightenment of the question, the issues tried by the magistrate do not find explanation in the record. His judicial inquiry is conducted without pleading, which, in this court, ■would define the issues heard and determined and which would enlighten judgment here. We are, therefore, left to inference as to what was decided in detail, from what was expressly determined in result. What the court did was to render a judgment of condemnation of the property attached, .and a judgment in personam for ninety dollars aud costs, and as an interpretation of what he had done, sent out an execu- *312 tion against the goods and chattels of the defendant not exempt from execution. In the absence’ of any other explana-: tion of, what was determined in fact, the issue made here was hot determined, there. t Our province'here in this behalf is" to find out what was done, rather than what ought to have héen done. This rule is the only safe one, especially when brought into application to inferior courts not of record.
ihis disposition of the two questions already considered brings us to the consideration of the only remaining question in this case, namely, is 'the process of replevin available to the plaintiff, who is also the defendant in the execution under which the property was taken? In resolving this question, we are invited to an examination of the statute,, section 815, of the Revised Statutes of the District, providing that a writ of replevin as a remedial process can only'issue upon the authority of the affidavit of the plaintiff', his agent, or attorney. The third clause of the same section also provides that it shall appear by the affidavit upon which its issuance is predicated, “ that the chattels-were not subject to such seizure or detention, and were not taken upon a writ of replevin.”
This statute declaring the necessity and defining the substance of the affidavit declares and defines the functionsuf the-writ in this respect. It cannot issué to recover the possession of property subject to seizure on execution, or propez’ty in the custody of a writ of replevin. From the language of these statutes we are left to conclude that the writ of replevin may be employed in all other cases relating to preexisting process. Was this property subject to seizure upon execution? Section 797, before referred to enlightened by the agreed facts in this case, makes it conclusive that it was not subject to seizure. It is not pretended that it was taken by virtue of a writ of replevin. The statute is decisive of' the question, and the argument might close here, but it is ■seriously claimed by counsel that, although exempt from levy, it was, nevertheless, taken in execution, and thereby transferred to the custody of the law. That to disturb this. *313 custody of the law, would be in contempt of the writ of execution, and the judicial authority of the court that issued it, demoralizing the authority of the court and the integrity of the writ. To my mind this involves a misconception of the rule invoked to defeat the appropriate powers of the writ of replevin. The' rule insisted upon' contemplates a case where the property is within the scope and power of the execution, and where the remedy for the abuse of the power and process may be obtained in'the forum issuing the writ. In the case before us, under the express limitations of the execution., the defendant was authorized to levy upon goods and chattels of the plaintiff not exempt from execution-As is shown by the agreed statement of facts, the property in controversy was exempt from execution and not within the mandate of his writ, thus fixing upon the officer, defendant, the contempt of his process* and its authority,, instead of the plaintiff'. • The law does not acquire possession of property by trespass or wrong, and it is no infraction of its dignity to surrender property, that may have strayed into the keeping of its officers without - authority of itg process. To hold any other view would be to hold that the injured party was without adequate remedy. It is no sufficient answer that the plaintiff may have redress by the action of trespass, or by.bill in chancery. While such remedies are being discussed in the courts, the family is despoiled of the possession and use of the essential means which the law has. provided for its preservation and comfort.
The judgment below is affirmed.